UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIEL LYNN BARNES                                                                   PETITIONER

v.                                                                  CIVIL ACTION NO. 3:12-CV-P815-S

COMMONWEALTH et al.                                                                RESPONDENTS

MEMORANDUM AND ORDER

Petitioner, Daniel Lynn Barnes, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1).  He states that he is facing trial for murder in state court.  Petitioner alleges that his right to counsel has been violated because his court-appointed attorney has appeared at only two of eight pretrial hearings.  Also, Petitioner states that when his attorney left the Public Defender's Office it took a month and a half to get a new one.  He also argues that his Fourth Amendment right to unreasonable seizure was violated when he was taken to jail.  He further argues that his due-process rights have been violated because his attorney was allowed to withdraw from his case three months before trial and because the judge cannot be impartial since he was also the judge who presided over the grand jury proceedings wherein he was indicted.  Finally, Petitioner alleges that his attorney has engaged in unethical misconduct because he took the case when he knew he was leaving the Public Defender's Office, because he missed court dates, and because he waited 10 months to file a motion for mental evaluation.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action.  *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *see also Rose v. Lundy*, 455

U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, nothing in the petition indicates that Petitioner has exhausted his state remedies. Wherefore,

**IT IS ORDERED** that Petitioner shall show cause why his petition should not be dismissed for failure to exhaust his state-court remedies **within 30 days** of the entry of this Order.

Date: December 13, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Petitioner, *pro se*
    Respondents
4411.009

2